UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                              Case No. 05-CR-146

MARK A. CUBIE,
ORLANDES NICKSION,
RONALD Q. TERRY,
ANTHONY L. BURKE,
DELANO HILL,
EDWARD CUBIE,
SYLVESTER PIGRAM,
JOSE LOPEZ, and
DONALD BUCHANAN,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM E. CALLAHAN, JR. [#341] AND DENYING DEFENDANT TERRY AND BUCHANAN'S MOTIONS TO SUPPRESS [#285 and 294]**

**INTRODUCTION**

On October 4, 2006, Donald Buchanan filed a motion to suppress all evidence seized during the search of the car in which he was a passenger on February 2, 2005. Ronald Terry filed a motion on October 20, 2006, to suppress any intercepted communications obtained as a result of a wiretap of (414) 460-5638 and any derivative evidence, including the wiretap of (414) 406-0804. Mark Cubie filed his motion to adopt Terry's motion to suppress on November 7, 2006; Orlando Nicksion filed his motion to adopt on December 5, 2006; and Delano Hill filed his motion to adopt on December 29, 2006.

Magistrate Judge Callahan held two evidentiary hearings regarding Terry's motion to suppress at which Detective Daniel Thompson was the only witness. The first

was on December 6, 2006.  After this hearing, the government filed a motion to reopen asking the court to accept an affidavit and attached exhibits from Detective Thompson correcting mistaken testimony.  To allow the defendants an opportunity to cross-examine Detective Thompson, Judge Callahan held a second hearing on December 20, 2006.

Judge Callahan issued his report and recommendation on January 3, 2007, and granted Cubie, Nicksion and Hill's request to adopt Terry's motion to suppress.  Also, he further recommended that this court deny Terry[1] and Buchanan's motions to suppress.  Finally, he deferred judgment on the motions in limine because he believed that they should be decided by the trial judge.

## STANDARD OF REVIEW

The district court reviews a magistrate judge's recommendations to which there have been no objections using a clear error or contrary to law standard.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The clear error standard means that the court will overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Furthermore, in accordance with 28 U.S.C. § 636(b)(1)(c), this court reviews de novo those portions of the magistrate judge's recommendations to which objections have been filed. However, the court is not required to hold further hearings to review the magistrate judge's findings or credibility determinations. "Rather, the district court has discretion to 'accept, reject, modify, in whole or in part, the findings or recommendations

---

[1] The motion to suppress filed by defendant Terry and adopted by defendants Cubie, Nicksion and Hill will be referred to as Terry's motion to suppress for the remainder of this decision.

2

made by the magistrate.' 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). . . . [And], if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir.1995) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

## JUDGE CALLAHAN'S RECOMMENDATION

### I. Terry's Motion to Suppress

The defendants asserted two grounds for suppression of the Title III wiretap communications intercepted by the government: 1) that the government used illegally obtained call data to obtain the pen register, trap and trace and § 2703(d) orders of April 12, 2005; and 2) that government agents knowingly failed to disclose the illegality of the intercepts which took place before April 12, 2005, which were used in the Title III application of April 26, 2005. The government offered the testimony of Detective Thompson and documentary evidence to support its claim that the call data and Title III wiretap were obtained legally. Although the defendants declined to introduce evidence in support of their claims, they pointed to discrepancies in Detective Thompson's testimony as reasons why their motion should be granted.

In view of the defendants' concession that the government had reason to believe that Cubie was no longer using telephone number (414) 460-1716 (x1716), the only issue Judge Callahan considered was whether the government employed illegal methods to determine that (414) 460-5638 (x5638) was Cubie's new telephone number. Recommendation and Order at 9. Judge Callahan found that the government legally determined that Cubie began using x5638 through: 1) analysis of pen register data for

3

x1716, 2) a call to x1716 by an informant, and 3) analysis of the pen register data for Nicksion's telephone. *Id.* at 10. Further, Judge Callahan concluded that Detective Thompson's legally obtained pen, trap and trace and § 2703(d) orders for x5638. *Id.* at 13. Finally, Judge Callahan concluded that Detective Thompson began his report on April 12, 2005, and finished and faxed it the following day. *Id.* at 13-14.

Detective Thompson explained that he cannot obtain call records from a telephone company without a court order which must be sent to the company. *Id.* at 4 and 7-8. He added that "[a] careful examination of [the x1716] pen register data reflected a significant change in call patterns and contact numbers, such that I believed Cubie was no longer using the x1716 telephone number as of April 2, 2005." Aff. of Daniel Thompson, ¶ 2 [Doc. # 312]. Further, Detective Thompson stated that he determined that a female was using x1716 after an informant called the number. *See id.* at ¶ 3. Further still, testified that he "reviewed the pen register and trap and trace information from Orlandes Nicksion's cellular telephone, (414) 406-0804, which reflected numerous calls to x5638 after approximately April 1, 2005, and no longer reflected calls to x1716." *Id.* at ¶ 4. According to Detective Thompson's hearing testimony, relied on a review of the pen register and trap and trace information for Ronald Terry's telephones. However, in an affidavit filed after the suppression hearing Detective Thompson stated that his testimony was mistaken as such data did not exist at the time he indicated. *Id.* at ¶ 9. Nevertheless, at the suppression hearing, Detective Thompson testified that he used this information to obtain pen, trap and trace and § 2703(d) orders for x5638 on April 12, 2005, and used the call information from x5638 to write the report that same day. Recommendation and Order at 6-7. He explained that he entered the incorrect date manually, that the Pen Link computer stamped

4

origination date of April 12, 2005, was correct. *Id.* at 7. Further still, Detective Thompson testified that he submitted the report to the government for use in obtaining the Title III wiretap order on April 13, 2005. *Id.*

Judge Callahan found that Detective Thompson's testimony regarding the change in call patterns and the informant's call was corroborated by the lawfully obtained call records for x1716, x0804 and x5638. *See* Exhibits 2-4, 6 and 9. Moreover, he found that Detective Thompson's testimony regarding his report was corroborated by the computer-generated date of April 12, 2005, for origination and April 13, 2005, for the last changes made to the document. *See* Exhibit 1.

Although, defendants were able to point out that Detective Thompson made erroneous statements during his testimony at the evidentiary hearings, they were unable to convince Judge Callahan that these misstatements should have led him to Detective Thompson's entire testimony. Recommendation and Order at 14-17. Judge Callahan found that "the defendants' arguments that there was improper interception of call data relies solely on inferences and speculation which lack factual support. In contrast, the government has provided testimony, corroborated by a contemporaneous report and court orders, evidencing that all of the intercepted call data was obtained legally." *Id.* at 18.

### II. Buchanan's Motion to Suppress

Judge Callahan observed that Buchanan's motion to suppress raised "the very same factual issues that were considered and decided by this court previously." Id. at 20-21. Consequently, he stated that "for the reasons set forth in its Recommendation and Order of February 7, 2006, this court recommends that Buchanan's motion to suppress be denied."

5

**DEFENDANTS' OBJECTIONS TO THE RECOMMENDATION**[2]

In addition to the arguments set forth in Terry's Mem. in Supp. of his Second Mot. to Suppress Title III Intercepts [Doc. #295] and the Joint Mem. of Mark Cubie and Ronald Terry [Doc. #336], the defendants object to Judge Callahan's recommendation "because it wrongfully characterizes [their] position as being speculative and unsupported by the evidence." Terry's Objection to Magistrate's Recommendations at 5 [Doc. #346]. Defendants maintain that their position is supported by Detective Thompson's April 11, 2005, report and the § 2703(d) application for x5638. *Id.* Continuing, they assert that Detective Thompson's testimony was not credible because it was inconsistent with the information contained in the report and application and contained misstatements on "important points of the government's case." *Id.* at 5-9.

Specifically, they submit that the analysis done in Detective Thompson's report "could only have been performed by someone in possession of x5638 call data." *Id.* at 5. Moreover, they contend that the "§ 2703(d) application explicitly references an analysis such as that set forth in the report dated April 11, 2005." *Id.* at 6.

The § 2703(d) application mentions "the most common and frequently called numbers," but Detective Thompson stated that he relied only on the call data from Nicksion's x0804 number. *Id.* Regardless, defendants assert that Judge Callahan glossed over Detective Thompson's incorrect testimony regarding Terry's call data, the phone call between x1716 and x5638. *See id.* at 6-8. Finally, defendants contend that Detective Thompson's "claim that Nicksion's call data alone led to the identification of Cubie's

---

[2] Having been granted leave to adopt Terry's motion to suppress, defendants Nicksion, Cubie and Hill have fully adopted Terry's objection to Magistrate Judge Callahan's Recommendation. *See* Docket Entries 351-353. It is noted that defendant Buchanan failed to file any objections to the Recommendation.

6

number must be questioned" because "he reached that conclusion only after the rest of his explanations were whittled away" and his claim "is contradicted by the very language of the § 2703(d) application." *Id.* at 8-9.

## GOVERNMENT'S RESPONSE TO OBJECTIONS

The government urges this court to adopt Judge Callahan's recommendation. First, it points out that while defendants refer to Detective Thompson's report dated April 11, 2005, as evidence that Thompson viewed illegally obtained information, Thompson's explanation of the report was computer generated went virtually unchallenged by the defendants. Government's Resp. to Defendant's Objections at 4. (Doc. # 359) The government adds that because Detective Thompson's report was generated after the pen, trap and trace and § 2703(d) orders were issued, the information contained in the report does not support the defendants' contention that Detective Thompson used illegally obtained call data. *Id.* Further, the government asserts that the last changes to the report on April 13, 2005, at 11:24 a.m. came well after Detective Thompson received the x5638 call data and that nothing about the content or dating (or rather misdating) of the report indicates usage of illegally obtained information. *See id.* at 5.

While the government acknowledges that the § 2703(d) application's reference to the most common and frequently called numbers may be inconsistent with Detective Thompson's testimony, it asserts that Detective Thompson was able to "clearly, credibly and convincingly [explain] his analysis of Nicksion's calling patterns and the reason that those call patterns indicated to him that x5638 was Cubie's new number." *Id.* at 6. The government further points to Judge Callahan's conclusion that the analysis of the

7

x1716 and x0804 call data provided a sufficient basis for it to seek the pen, trap and trace and § 2703(d) orders. *See id.* at 6-7.

Finally, the government argues that Detective Thompson's two misstatements do not necessitate a finding that his testimony was false in its entirety. *See id.* at 7. The government submits that because Judge Callahan presided over the suppression hearings, he was in the best position to assess Detective Thompson's credibility. Further, the government contends that inasmuch as Judge Callahan was aware of the problematic portions of Detective Thompson's testimony prior to the second hearing, he "would necessarily have been careful in his assessment of Thompson's credibility on these issues." *Id.* at 8.

## ANALYSIS

As mentioned above, defendant Buchanan failed to file any objections to Judge Callahan's recommendation that his motion to suppress be denied. Therefore, this court reviews the recommendation for clear error. Finding none, the court will adopt the recommendation to deny Buchanan's motion to suppress.

Moreover, this court has fully considered Judge Callahan's findings and recommendations, the defendants' motions and objections, as well as the government's response to the defendants' objections and finds no reason to reach a conclusion different from the one reached by Judge Callahan. Moreover, the defendants have failed to back up their arguments regarding Detective Thompson's credibility with evidence. For these reasons,

IT IS ORDERED that Magistrate Judge William E. Callahan, Jr.'s Report and Recommendation [Doc. # 341] is ADOPTED.

8

IT IS FURTHER ORDERED that defendants Terry, Cubie, Nicksion and Hill's motion to suppress [Doc. # 294] is DENIED.

IT IS FURTHER ORDERED that defendant Buchanan's motion to suppress evidence [Doc. # 285] is DENIED.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE