UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK ANTHONY CUBIE,

Defendant.

Case No. 05-CR-146-PP

---

**ORDER DENYING MOTION TO RECONSIDER (DKT. NO. 770)**

---

On January 26, 2015, the defendant filed a motion asking this court to grant him leave to appeal Judge Clevert's December 10, 2014 order. Dkt. No. 758. This court denied that request on April 20, 2015. Dkt. No. 763. In addition, the Seventh Circuit Court of Appeals denied the request on May 13, 2015. Dkt. No. 766. The Seventh Circuit ordered that if the defendant did not pay the appellate docketing fee within fourteen days of its order, the court of appeals would dismiss his case. Id. Rather than pay the filing fee, the defendant filed—on May 29, 2014, sixteen days after the Seventh Circuit had denied his request—a motion asking the Seventh Circuit to reconsider its decision. United States v. Cubie, case no. 15-1031 at Dkt. No. 17. On June 10, 2015, the Seventh Circuit denied that motion, and again ordered that if the defendant did not pay the appellate docketing fee within fourteen days, it would dismiss his appeal. Id. at Dkt. No. 18. In response to this, the defendant filed an affidavit of assets with the Seventh Circuit, id. at Dkt. No. 19, and

1

followed that with *another* motion to reconsider, id. at Dkt. No. 20. On July 1, 2015, the Seventh Circuit denied this second motion to reconsider, and stated that "[f]urther repetitive requests to reconsider will be returned unfiled pursuant to Seventh Circuit Operating Procedure 1(c)(8)." Id. at Dkt. No. 21.

Meanwhile, on June 30, 2015, the defendant filed with *this* court a motion asking the court to reconsider its denial of his request to proceed without paying the appellate filing fee. Dkt. No. 770. There are several problems with this motion.

First, it was not timely filed. While the Federal Rules of Criminal Procedure do not provide for motions to "reconsider," U.S. v. Rollins, 607 F.3d 500, 501-502 (7th Cir. 2010), the Supreme Court has ruled that parties in criminal cases may make such motions, id., citing U.S. v. Healy, 376 U.S. 75 (1964). The Seventh Circuit directs, however, that the party filing the motion to reconsider must do so "within the time available for appeal." Id. at 504. Under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a party has fourteen days from the date of the order appealed from to appeal. This court—the district court—denied the defendant's request to proceed *in forma pauperis* on April 20, 2015. Dkt. No. 763. The petitioner would've had to file any motion to reconsider within fourteen days of that date—in other words, by May 4, 2015. The defendant didn't file the instant motion until June 20, well beyond the fourteen-day deadline.

Second, it is not clear that this court has jurisdiction to rule on the defendant's motion. Once he filed a notice of appeal, that court obtained

2

jurisdiction over his case. When the Seventh Circuit obtains jurisdiction, the district court loses jurisdiction, except in very limited circumstances.

Third, because at the time the defendant filed this motion, the Seventh Circuit had already ruled—*twice*—that he could not proceed *in forma pauperis*, this motion amounts to a request that this court overrule the Seventh Circuit. It doesn't work that way. The Seventh Circuit is the higher court, and its decisions bind this court. This court cannot contravene a decision of the Seventh Circuit.

Finally, the defendant's June 20, 2015 motion to reconsider does not provide the court with any valid basis for reconsidering its April 20 order. All he argues is that he has been incarcerated for over ten years, that he correctly filled out his *in forma pauperis* forms, and that in the past, he'd always been granted any request to proceed *in forma pauperis*. These are not sufficient grounds for the court to reconsider its prior decision, and it will not do so.

The court notes that the Federal Defender has filed an unopposed motion asking the court to reduce the defendant's sentence pursuant to the Guidelines

amendment enacted through 18 U.S.C. §3582(c)(2). The court will rule on that motion shortly.

The court **ORDERS** that the defendant's June 20, 2015 Motion to Reconsider (Dkt. No. 770) is **DENIED**.

Dated in Milwaukee this 15th day of July, 2015.

**BY THE COURT:**

_____
HON. PAMELA PEPPER
United States District Judge