UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,                                  Case No. 05-CR-146-PP

        Plaintiff,

v.

MARK CUBIE,

        Defendant.

---

**ORDER DENYING DEFENDANT'S JUNE 23, 2014 (DKT. NO. 746); JULY 1, 2014 (DKT. NO. 747); AUGUST 14, 2015 (DKT. NO. 779); AND OCTOBER 5, 2015 (DKT. NO. 785) MOTIONS TO REDUCE SENTENCE**

---

On June 23, 2014, the defendant filed a motion asking the court to reduce his sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines. Dkt. No. 746. This was the amendment that reduced by two levels the offense levels of defendants convicted of offenses involving cocaine base, or "crack." In this motion, the defendant argued that his offense level of 37 ought to be reduced to level 35 as a result of the 2007 amendment, applied retroactively. Id. at 2.

On July 1, 2014, the defendant filed another motion, virtually identical to the motion he filed on June 23. Dkt. No. 747.

On August 14, 2015, the defendant renewed his request for a sentence reduction, in a motion that also asked the court to appoint counsel. Dkt. No. 779. In this motion, the defendant cited not only Amendment 706, but

1

Amendments 709 and 750. Id. at 2. In response to this motion, the court granted the defendant's request for appointment of counsel, and asked the Federal Defender to review the defendant's request and determine whether it would file anything on his behalf. Dkt. No. 780. On August 27, 2015, the Federal Defender responded that it would not be filing anything on the defendant's behalf. Dkt. No. 781. In the court's experience, the Federal Defender files such a response when it reviews a defendant's *pro se* filings and determines that there is no legal basis for the relief the defendant seeks.

Accordingly, on August 28, 2015, the court asked the United States Attorney's Office to respond to the defendant's motions. Before the government's deadline to respond (October 23, 2015), the defendant filed another motion—this one on October 5, 2015. Dkt. No. 785. In this motion, the defendant asked to represent himself, and asked for more time to file the same motion that he's already filed three times. Id.

In compliance with the court's order, the government filed a response to the defendant's various motions for sentence reductions. Dkt. No. 786. In its response, the government charted the various amendments to the drug guidelines that have gone into effect since the defendant was convicted. Id. at 1. The government notes, as an initial matter, that the defendant's sentencing date was October 30, 2008. The sentencing court used the 2007 Guidelines manual, which had been amended effective May 1, 2008 to implement Amendment 706. Thus, the manual the court used when sentencing the

2

defendant already contained the revised, reduced guideline for crack offenses, and the defendant received the benefit of the two-level reduction effectuated by Amendment 706 at the time of his October 30, 2008 sentencing. Id. at 2. See also Dkt. No. 572 (minutes and order from October 30, 2008 sentencing hearing); November 1, 2006 U.S. Sentencing Guidelines Manual §2D1.1, Application Note 10, Drug Equivalency Tables, Cocaine and Other Schedule I and II Stimulants (equating 1 gram of cocaine base to 20 kilograms of marijuana); November 1, 2007 U.S. Sentencing Guidelines Manual §2D1.1, Application Note 10(D), Determining Base Offense Level in Offenses Involving Cocaine Base and Other Substances (for 460 grams of cocaine base, 6.7 kilograms of marijuana per gram of cocaine base). (For access to the 2006 and 2007 Sentencing Guidelines Manuals, visit www.ussc.gov/guidelines-manual/guidelines-manual-archives.)

The two other amendments which the defendant references—Amendments 709 and 750—do not impact the defendant's guidelines calculations. Amendment 709 changed the way courts were to count prior sentences under the Career Offender guideline (U.S.S.G. §4A1.2(a)(2)). U.S. v. Alexander, 553 F.3d 591, 592 (7th Cir. 2009). Amendment 750 made the reduction effectuated by Amendment 706 permanent. See U.S. v. Taylor, 778 F.3d 667, 669 (7th Cir. 2015).

The government suggests that perhaps the defendant meant to reference Amendments 715 and 748. Amendment 715 "lower[ed] the offense level for

3

Case 2:05-cr-00146-PP   Filed 10/19/15   Page 3 of 5   Document 791

crimes involving both crack and another drug." U.S. v. Parker, 472 F. App'x 415, 416 (7th Cir. 2012). Amendment 715 made the 706 reduction applicable, not only in cases involving only crack, but in cases involving crack and other drugs. See U.S. v. Belcher, 309 F. App'x 58, 60 (7th Cir. 2009); May 1, 2008 Supplement to the 2007 Guidelines Manual, §2D1.1, Application Note 10(D)(ii), Cocaine and Other Schedule I and II Stimulants. Because Amendment 715 became effective May 1, 2008, the defendant had the benefit of this amendment at his October 30, 2008 sentencing hearing.

Amendment 748 was part of the Fair Sentencing Act of 2010, which "increased the drug quantities necessary to trigger mandatory minimum sentences under the Controlled Substances Act and the Controlled Substances Import and Export Act." U.S. v. Fisher, 635 F.3d 336, 338 (7th Cir. 2011). That statute was passed after the defendant was sentenced, and the Seventh Circuit has held that it does not apply retroactively. Id. at 340.

For all of these reasons, the court agrees with the Federal Defender and the United States Attorney that the defendant is not eligible for any further sentence reductions under any of the Guidelines amendments he cites. The defendant did filed a motion for a sentence reduction under Amendment 782; the court granted that motion on July 20, 2015. Dkt. No. 776.

The court **DENIES** the defendant's motions for further reductions to his sentence under Amendments 706, 709 and 750 (Dkt. Nos. 746, 474, 779 and 785).

4

Dated in Milwaukee this 19th day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge