UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 05-cr-146-pp |
| Plaintiff, | |
| v. | |
| MARK ANTHONY CUBIE, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S LETTER MOTION ASKING THE COURT TO PROVIDE RELIEF FROM BUREAU OF PRISONS POLICY (DKT. NO. 802)**

On June 27, 2016, the court received a letter from the defendant. Dkt. No. 802. The defendant states in the letter[1] that he was sentenced under 18 U.S.C. §924(c)(1)(A)(i) for carrying a firearm during and in relation to a drug offense. As a result, he was subjected to a mandatory minimum sentence of five (5) years. (The defendant says that his sentence was increased by five years, but that is not what the statute does. The statute imposes a mandatory minimum sentence for people who are sentenced under that section of the statute.) The defendant informs the court that the Bureau of Prisons considers drug trafficking and possession of firearms to be "violent felonies" for the purposes of the BOP's security classification system. As a consequence, the defendant asserts that the BOP has classified him as having been convicted of

---

[1] The defendant addressed his letter to Judge Charles N. Clevert, Jr. Judge Clevert took senior status several years ago; in April 2015, the defendant's case was reassigned to Judge Pamela Pepper, and she has been the presiding judge since.

1

a "violent felony," which means that his security classification is higher than he believes it should be, and that he is not eligible for certain BOP programs, such as the Residential Drug Abuse Program ("RDAP"). Id.

The defendant refers to the Supreme Court's 2015 decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. While the defendant concedes that the Johnson decision does not afford him relief (because he was not sentenced under the Armed Career Criminal Act), the defendant argues that the reasoning in Johnson ought to be applied to prohibit the BOP from considering his offense of conviction a "violent" felony, and thus ought to prohibit the BOP from using that designation in his security classification.

In Johnson, the Supreme Court started by noting that it has held, in more than one case, that "the Government violates [the Fifth Amendment due process clause] when it takes away someone's . . . liberty . . . under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes . . . ." Johnson, 135 S. Ct. at 2556. The court concluded that the residual clause of the ACCA was so vague that it violated the Fifth Amendment due process protections, and thus that "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. at 2557.

The defendant in this case already has been convicted and sentenced; his due process rights now flow from the Fourteenth Amendment, not the Fifth.

2

The reasoning in Johnson, therefore, is not applicable to an analysis of Bureau of Prisons classification policies.

The Supreme Court has considered, in the context of a civil suit under 42 U.S.C. §1983, whether transferring inmates from a medium to a maximum security prison violated the inmates' Fourteenth Amendment liberty interests. In Meachum v. Fano, 427 U.S. 215 (1976), the Supreme Court concluded that once a person has been convicted, "the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Id. at 224. The Court acknowledged that convicted felons do not "forfeit all constitutional protections by reason of [their] conviction and confinement in prison," but refused to hold that any substantial deprivation caused by prison authorities would trigger Fourteenth Amendment protections, because to do so would "subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Id. at 225.

The Seventh Circuit has held that the Constitution doesn't require a prison to provide education, rehabilitative or vocational programs. See, e.g., Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982); Madyun v. Thompson, 657 F.2d 868, 874 (7th Cir. 1981). It also has held that security classifications and decisions about whether to transfer prisoners and where to place them are "entirely within the discretion of prison authorities." Garza, 688 F.2d at 487-88 (citing Meachum v. Fano, 427 U.S. at 228).

3

If the defendant believes that the Bureau of Prisons classification system violates his civil rights, he may file a civil lawsuit alleging as much. It does not appear from the above case law that he likely would have much success in such a suit, but that is his decision to make. For the purposes of this case, there is no relief available to the defendant under <u>Johnson</u>, and absent proof of any constitutional violation, this court does not have the authority to interfere with prison administration.

The court **DENIES** the defendant's June 27, 2016 letter motion for relief from Bureau of Prisons policies. Dkt. No. 802.

Dated in Milwaukee, Wisconsin this 29th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:05-cr-00146-PP   Filed 06/29/16   Page 4 of 4   Document 804