UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 05-cr-146-pp

MARK ANTHONY CUBIE,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 815)**

**I.   Background**

On October 29, 2007, the defendant pled guilty to conspiring to distribute cocaine and crack in violation of 21 U.S.C. §§841(a)(1) and 846 and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. §924(c)(1)(A)(1). Dkt. No. 475. Judge Charles N. Clevert, Jr. sentenced the defendant to serve 235 months on the drug charges and sixty months consecutive on the gun charge for a total sentence of 295 months in custody. Dkt. No. 572, 579. The defendant appealed, dkt. no. 580, and the Seventh Circuit affirmed the conviction on December 9, 2010, dkt. no. 682. On July 20, 2015, after the U.S. Sentencing Commission adjusted the crack cocaine guidelines, this court granted the defendant's request to reduce his sentence and reduced the sentence to 248 months. Dkt. No. 776.

Over the years, the defendant has filed numerous motions and appeals. This one relates to a motion to amend judgment that the defendant filed on February 6, 2017, arguing that court had committed a clerical error because the judgment did not clearly reflect that Judge Clevert did not consider the Benion death as a sentencing factor. Dkt. No. 806. This court reviewed the sentencing transcript, judgment and statement of reasons, found no clerical error and denied the motion. Dkt. No. 807. The defendant appealed, dkt. no. 808; on November 20, 2017, the Seventh Circuit affirmed this court's decision, dkt. no. 813. In doing so, the Seventh Circuit found that Judge Clevert had made clear that the Benion death would have no bearing on Cubie's sentence, and stated that it would be "an exercise in triviality to require the district court to belabor that point in writing all these years later." Id. at 6.

A month and a half later, despite the Seventh Circuit's decision, the defendant filed a "motion for reconsideration of the motion to amend judgment." Dkt. No. 815. The defendant says he was not clear in his motion to amend about the harm the alleged clerical error caused him. Id. at 1. He now says that the alleged error "involved not distinguishing the 'Benion murder as a sentencing factor' in calculating the Defendant's offense level versus considering the Benion murder 'in fashioning a reasonable sentence under §3553(a).'" Id. The defendant asserts that the Court of Appeals "acknowledges that an error was committed by the sentencing judge." Id. He argues that the appellate court affirmed, however, because the defendant didn't show that he'd suffered any harm. Id. at 1-2.

The defendant asserts that he is ineligible for the BOP residential drug abuse program or placement in a camp or minimum security institution because of the "omission," that his BOP custody classification has increased and that he was "denied clemency by President Obama, in part, due to this omission." Id. at 2. The defendant admits that he didn't make these arguments when he filed his motion to amend the judgment, but asserts that now that the court "has the benefit of the foregoing harms" and the Seventh Circuit's opinion, it should grant this motion to reconsider and his motion to amend the judgment. Id.

**II. Analysis**

    A.    <u>Legal Standard</u>

"None of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59." <u>United States v. Rollins</u>, 607 F.3d 500, 502 (7th Cir. 2010). Motions to reconsider, however, "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure[;]" "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." and are treated like motions in civil suits. <u>Id.</u> (citing <u>United States v. Healy</u>, 376 U.S. 75, 84 (1964)).

Like the criminal rules, "the Federal Rules of Civil Procedure do not expressly recognize a motion to reconsider." <u>United States v. Roth</u>, No. 10 Misc. 001, 2010 WL 1541343 at *2 (E.D. Wis., April 19, 2010). There are several

3

rules and standards that allow a court to reconsider a prior order or judgment; which of those rules or standards applies depends on the stage of the case and the finality of the order or judgment. Federal Rule of Civil Procedure 54(b) allows a court to revise an "order or other decision . . . that adjudicates fewer than all the . . . rights and liabilities of fewer than all the parties" but "does not end the action as to any of the claims or parties." In <u>Galvan v. Norberg</u>, 678 F.3d 581, 587 (7th Cir. 2012), the Seventh Circuit explained that Rule 54(b) allows a court to review non-final orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The defendant filed this motion ten years after the court entered the final judgment, so Rule 54(b) does not apply.

Rule 59(e) allows a party to file a motion asking the court to alter or amend a judgment if the party files that motion "no later than 28 days after the entry of the judgment." The defendant's motion was not timely filed under Rule 59(e), so the Rule 59(e) standard does not apply.

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly-discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) "is, 'by its terms[,] limited to "final" judgments or orders' and is 'inapplicable to interlocutory orders.'" <u>Phillips v. Sheriff of Cook Cty</u>., 828 F.3d 541, 559 (7th Cir. 2016) (quoting <u>Santamarina v. Sears, Roebuck & Co</u>., 466 F.3d 570, 571 (7th Cir. 2006)) (additional citations omitted). "A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year

4

after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P 60(b). The Rule 60(b) standard is the only standard that possibly could apply to the defendant's motion.

B.  Discussion

The Seventh Circuit issued the mandate on November 20, 2017. Dkt. No. 813. The defendant filed his motion to reconsider on January 10, 2018—just under two months later. But what the defendant is asking the court to correct is an alleged error in Judge Clevert's 2008 judgment, entered over eight years before the defendant asked this court to "correct" that judgment. And in this motion to reconsider, he raises for the first time his basis for demanding the correction—the allegation that he has suffered the loss of programming opportunities, placement in lower security facilities and lower security classifications.

In the judgment, Judge Clevert recommended that the Bureau of Prisons allow the defendant to participate in "the '500 Hour' Drug Treatment Program." Dkt. No. 579 at 2. So the defendant has known since 2008 that Judge Clevert recommended him for this program, and presumably has known for all that time that he hasn't gotten into the program. Yet he waited over eight years to challenge the wording in the Statement of Reasons that he now claims prevented him from being eligible for that program. The court has reason to refuse to consider the motion to reconsider as untimely. It will not do so. It will instead consider whether it can grant the relief the defendant requests.

5

In its decision affirming this court's denial of the defendant's motion to amend, the Seventh Circuit explained that

> [a]t sentencing, the government argued that the court should consider the Benion murder as a sentencing factor under 18 U.S.C. § 3553(a) and, for that reason, sentence [the defendant] at the high end of the guidelines range. After extensive argument, Judge Clevert determined that the evidence was mixed, and offered a compromise that the parties accepted instead of holding an evidentiary hearing — that, given the factual disputes, he would "not utilize[e] the Benion death as a factor in sentencing in this matter." *See* FED. R. CRIM. P. 32(i)(3)(B). Judge Clevert then elaborated: "I can certainly include that in the Judgment of Conviction so that it is quickly apparent that the Benion death was not a sentencing factor in this case." He explained that the court's exceptions to the PSR "oftentimes are set forth in the Judgment of Conviction" and are "certainly included in the Court's minutes." This, he continued, "would make clear to a reviewing Court or to the Bureau of Prisons how this Court has viewed the facts."
>
> Having decided not to consider the murder, Judge Clevert sentenced [the defendant] at the bottom of the guidelines range: 235 months for the conspiracy count and the consecutive mandatory minimum of 60 months for the firearm court. Despite Judge Clevert's assurances, though, the judgment, the minute order, and the Statement of Reasons did not mention that the court disregarded Benion's murder in its consideration of the § 3553(a) factors — they each said, in some form, only that the judge did not use the murder in calculating the offense level under the guidelines.

Dkt. No. 813 at 4.

The Seventh Circuit has reviewed this court's decision that there was no error to correct under an abuse of discretion standard. Id. at 5. It found that there was no inconsistency "between the orally pronounced sentence and the written judgment and its attached Statement of Reasons: the judgment accurately reflects the crimes of conviction and the sentence, and the State of Reasons correctly notes that the Benion murder did not influence the guidelines calculation." Id. The court then said—and this is one of the

6

statements on which the defendant hangs his hat in requesting reconsideration—that "Judge Clevert also stated he was not considering Benion's murder as a sentencing factor, and we agree with [the defendant] that there is a distinction (which perhaps the district court glossed over in its order denying his motion) between using facts to calculate an offense level and considering them in fashioning a reasonable sentence under § 3553(a)." Id. at 5-6. The court noted that although the Benion death may not have affected Judge Clevert's calculation of the guidelines offense level, "it could have justified imposing a higher sentence within the guidelines range or even varying above the guidelines recommendation." Id. at 6. The court observed that "the judgment, the Statement of Reasons, and the minute order all could have been more precise about how Judge Clevert treated the Benion murder," but found that "it does not follow that there is a meaningful discrepancy between the orally pronounced *sentence* and the written description of Judge Clevert's reasoning." Id.

The Seventh Circuit concluded that

> [the defendant] has not shown that he is entitled to have the omitted language memorialized in the judgment order when it had no impact on his sentence. *See United States v. McHugh*, 528 F.3d 538, 541 (7th Cir. 2008) (explaining that amending another judge's statement of reasons while leaving sentence untouched is akin to an advisory opinion). In neither his motion before the district court nor his brief on appeal has he asserted any harm or prejudice from the omission. *See* FED. R. CRIM. P. 52 ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Judge Clevert clearly and repeatedly stated in the sentencing hearing the Benion murder would have no bearing on [the defendant's] sentence. The record as a whole is clear, and it would be an exercise in triviality to require the district court to belabor that point in writing all these years later.

7

Dkt. No. 813 at 6.

The court concedes that it did not catch the distinction that the Seventh Circuit noted between relying on information to calculate a defendant's guidelines offense level and relying on information to fashion a sentence under the §3553(a) factors. The court is not sure that it would have decided any differently *had* it caught the distinction. The government urged Judge Clevert to impose a sentence at the higher end of the range based on the Benion death. Judge Clevert instead sentenced the defendant at the lower end of the range, indicating (as he said) that he didn't consider the death in fashioning that sentence. This court felt that the overall record showed Judge Clevert didn't rely on the Benion death in fashioning his sentence. The Seventh Circuit felt that the overall record showed Judge Clevert didn't rely on the Benion death in fashioning his sentence.

Over three years after he filed the motion to amend the sentence, the defendant has submitted an affidavit declaring that his case manager at FCI Elkton "repeatedly" has told him that "the fact that [his] Statement of Reasons does not state that the Benion homicide was not used as a sentencing factor may imply that it was used as a sentencing factor," and that the case manager has told him that "[d]ue to this omission," he is not eligible for the RDAP program or placement in a minimum security prison and that his security classification score is higher. Dkt. No. 815-1.[1]

---

[1] The defendant also asserts that part of the reason President Obama denied him clemency was because of this omission. He attaches a December 23, 2015

Although the defendant's original motion asked the court to "Amend Judgment Pursuant to FRCP Rule 36," dkt. no. 806 at 2, he now argues in the motion to reconsider that that his case manager is basing her conclusions on the wording of the Statement of Reasons. The Seventh Circuit referenced in its decision affirming this court's denial of the motion to ament its earlier ruling in United States v. McHugh, 528 F.3d 538 (7th Cir. 2008). In McHugh, one district court judge amended the recommendation made to the Bureau of Prisons by her colleague, who was out on medical leave. The Seventh Circuit stated that the judge should not have amended her colleague's recommendation, stating that it was no more permissible for her to do so "than it would be to amend [another judge's] statement of reasons for the sentence, just to yield a view more to another judge's liking, while leaving the sentence untouched. That would be an advisory opinion." McHugh, 528 F.3d at 541 (citations omitted). This court can't modify Judge Clevert's Statement of Reasons. The Statement of Reasons is just that—it is the *sentencing judge's*

---

letter from someone at Clemency Project 2014, advising him that the project couldn't help him because he did not "meet the following criteria: [n]on-violent offender, low-level offender without ties to large scale criminal organizations, gangs or cartels." Dkt. No. 815-2 at 3. The letter says nothing about the Benion murder. The defendant also attaches a January 2017 letter from a pardon attorney at the U.S. Department of Justice, informing him that both the DOJ and the White House had considered his application for clemency and had denied it; this letter stated that "[a]s a matter of well-established policy," the DOJ does not disclose the reasons for the decision. Id. at 2. The defendant's statement that the President denied him clemency because the judgment or statement of reasons did not say that Judge Clevert did not consider the Benion murder in fashioning his sentence is speculation.

explanation of why he or she imposed the sentence. Only Judge Clevert knows why he imposed the particular sentence he imposed.

The court will not grant the motion to reconsider. It observes, however, that if the Bureau of Prisons *is* preventing the defendant from participating in the RDAP program, or from going to a lower security facility, because the Statement of Reasons does not say, "and the court did not consider the Benion death in any way in determining a sentence," the BOP is ignoring the totality of the record. The *Seventh Circuit Court of Appeals* has reviewed that record and concluded that the record, as a whole, is clear that the Benion death had no impact on Judge Clevert's decision. The defendant should share the Seventh Circuit's decision, and this court's decisions, with his case manager.

### III. Conclusion

The court **DENIES** the defendant's motion for reconsideration. Dkt. No. 815.

Dated in Milwaukee, Wisconsin this 31st day of March, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**